UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID R. CAUDILL,

    **Plaintiff**

   **v.**            **Case No. 1:13-cv-17-HJW**

THE HARTFORD LIFE AND
ACCIDENT INSURANCE CO.,

    **Defendant**

## ORDER

   This matter is before the Court upon the plaintiff's complaint for judicial review of the administrative denial of his application for long-term disability ("LTD") benefits pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132. The parties have filed cross-motions for judgment on the administrative record (doc. nos. 15, 16). The Magistrate Judge entered a Report and Recommendation ("R&R") (doc. no. 21), recommending that this matter be remanded to the defendant ("Hartford") for further administrative proceedings. Both parties filed objections (doc. nos. 23, 24) and opposing memoranda (doc. no. 25, 26). Having carefully considered the record, the Court agrees with the Magistrate Judge, and therefore, will <u>adopt</u> the R&R (with one modification) and will <u>remand</u> the administrative decision for the following reasons:

## I. Standard of Review

   A "denial of benefits challenged under § 1132(a)(1)(B) is ... reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms

of the plan." Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). Here, the Hartford Agreement grants such discretionary authority to the Trustees, and the parties agree that the plan administrator had discretionary authority to determine plaintiff's eligibility for benefits. Therefore, as the parties agree, and as the Magistrate Judge recommends, the "arbitrary and capricious" standard of review applies. The dual role of an insurer like Hartford in the administration and payment of claims is considered as a factor, but does not alter the "arbitrary and capricious" standard of review. Met. Life Ins. Co. v. Glenn, 554 U.S. 105, 128 S. Ct. 2343, 2349-50 (2008).

Where the plan administrator for a pension fund offers a reasonable explanation based upon the evidence, the decision is not "arbitrary and capricious." Bagsby v. Central States, SE and SW Areas Pens. Fund, 162 F.3d 424, 428 (6th Cir. 1998) (quoting Davis v. Ky. Finance Cos. Ret. Plan, 887 F.2d 689, 693 (6th Cir. 1989)). The Court must give appropriate deference to the decision to deny plaintiff's claim for LTD benefits. Id. at 428. In reviewing the administrative decision, the court is confined to the review of the administrative record. Farhner v. United Transp. Union Disc. Income Prot. Prog., 645 F.3d 338, 343 (6th Cir. 2011). An administrative decision must be upheld if it is the result of a deliberate, principled, reasoning process and is supported by substantial evidence in the administrative record. Balmert v. Reliance Stand. Life Ins. Co., 601 F.3d 497, 501 (6th Cir. 2010).

## II. The Magistrate Judge's Recommendations

2

Plaintiff, a "chief board operator" at Sunoco's chemical plant in Haverhill, Ohio, stopped working on May 8, 2011 due to complaints of chest pain, anxiety and depression. He applied for long term disability ("LTD") benefits in September 2011. Hartford denied his application on December 9, 2011. Shortly thereafter, on December 15, 2011, a rheumatologist diagnosed plaintiff as having arthritis and fibromyalgia (AR 186, 204-06, testing positive on 18 of 18 trigger points). Plaintiff's medical file also noted findings of "reactive airway disease" and that he had reported subjective complaints of ongoing weakness and fatigue (AR 200-202). Plaintiff administratively appealed the denial of LTD benefits. Hartford submitted the plaintiff's medical file to a third party service for file review. The consulting reviewers -- Dr. Hartley (psychiatrist), Dr. Yamour (cardiologist), and Dr. Balogun (occupational medicine physician) -- all concluded based solely on the records that plaintiff was able to perform his job (deemed to be at the "medium" level of exertion) and was not entitled to LTD benefits (AR 81, 160-182). Hartford denied the plaintiff's administrative appeal (AR 061-065). Plaintiff has filed for judicial review.

After a thorough review of the parties' briefs and the administrative record, the Magistrate Judge recommended that Hartford's decision was "arbitrary and capricious." The Magistrate Judge observed that Hartford had relied on a limited "file review" of the plaintiff's medical records, without arranging for any in-person evaluations of plaintiff. The Magistrate Judge found that the file review, at times, strayed from an objective analysis of the medical records and included credibility assessments about plaintiff's subjective complaints and his possible motivations.

3

See, e.g., Judge v. Met. Life Ins. Co., 710 F.3d 651, 663 (6th Cir. 2013) ("This court has found fault with file-only reviews in situations where the file reviewer concludes that the claimant is not credible without having actually examined him or her... or [when] the plan administrator, without any reasoning, credits the file reviewer's opinion over that of a treating physician"), citing Bennett v. Kemper Nat'l Servs., Inc., 514 F.3d 547, 555 (6th Cir. 2008) and Elliott v. Met. Life Ins. Co., 473 F.3d 613, 620 (6th Cir. 2006). After a detailed analysis, the Magistrate Judge recommended that "the issues lie with the decision-making process itself and the Plan administrator's failure to adequately develop the record before making its decision on plaintiff's claim for benefits." She found that "the record does not demonstrate that plaintiff is clearly entitled to benefits" (doc. no. 21 at 44), and therefore recommended that the case be remanded for further administrative proceedings and expansion of the record.

### III. The Parties' Objections

The parties do not object to the Magistrate Judge's recommendation that the decision was "arbitrary and capricious," they merely disagree on the nature of the remedy to be ordered. Plaintiff objects that he believes the "appropriate remedy in this case is for the Court to award benefits" (doc. no. 23 at 1). Defendant does not object to remand, but asserts that Hartford should not be "required" to further develop the record in a particular manner, i.e. by obtaining in-person evaluations (doc. no. 24 at 1-2).

Regarding plaintiff's objection, the Court agrees with the Magistrate Judge's

recommendation that remand, rather than an immediate award of benefits, is appropriate under the circumstances of this case. "Remand to the plan administrator is appropriate where the problem is with the integrity of the plan's decision-making process, rather than that a claimant was denied benefits to which he was clearly entitled." Hayden v. Martin Marietta Materials, Inc. Flex. Ben. Program, --- F.3d ----, 2014 WL 4056884, *9 (6th Cir. (Ky.)) (quoting Cooper v. Life Ins. Co. of N. Am., 486 F.3d 157, 171 (6th Cir. 2007)).

The Magistrate Judge reviewed the evidence in considerable detail and identified various inter-related problems with the decisional process. For example, after Hartford's Case Manager had inquired about whether plaintiff was released to work in light of October 11, 2011 mental exam findings "within normal limits," Dr. Davenport responded that her report had concluded that Caudill was unable "to sustain a full 8 hour working day" (doc. no. 21 at 11-12). The Magistrate Judge observed that, although Dr. Hartley had reviewed the file and appropriately pointed out various "gaps in the record concerning how Dr. Davenport reached her conclusions," Hartford had not obtained an in-person independent medical examination or sought further explanation from the treating physician (Id. at 31, 39). The Magistrate Judge observed that Hartford had rejected Dr. Davenport's treating opinion even though reviewing psychiatrist Dr. Hartley had noted that "there does appear to be support for the presence of psychiatric illness" (Id. at 39).

With respect to plaintiff's physical condition, the Magistrate Judge observed that treating physician Dr. England had diagnosed plaintiff with fibromyalgia and

5

opined that plaintiff had some resulting functional limitations (AR 200 indicating plaintiff is unable to grip items or climb ladders, stand for prolonged periods of time, open and close valves, etc.). Despite this, Hartford asserted there were "no objective findings of functional limitations" (doc. no. 19 at 6). Hartford indicated that Dr. Balogun had concluded that "[o]bjectively, there are no physical findings which would prevent him from working in his own occupation" (doc. no. 19 at 11, quoting AR 177). The Magistrate Judge correctly noted this (doc. no. 21 at 41). She indicated that Dr. Balogun had also discounted plaintiff's subjective allegations of muscle pain and weakness and implicitly made credibility determinations, again without obtaining an in-person medical examination (Id. at 42).

Although the Magistrate Judge recommended that Hartford's decision to deny LTD benefits was "arbitrary and capricious," this does not mean the plaintiff is automatically entitled to an immediate award of benefits as a remedy. A claimant is "clearly entitled" to benefits only if the claim is "so clear cut that it would be unreasonable for the plan administrator to deny the application for benefits on any ground." Daft v. Advest, Inc., 658 F.3d 583, 595 (6th Cir. 2011). In his objection, plaintiff argues that the Sunoco plant's physician (Dr. Larsen) had refused to allow him to return to work and that this should be "dispositive" of the issue (doc. no. 23 at 7). The Magistrate Judge correctly found that "contrary to plaintiff's interpretation of the medical records, Dr. Larsen never offered an opinion without qualification that plaintiff was disabled from working at his own occupation" (doc. no. 21 at 28-29). Based on the evidence of the record, and for the reasons stated by

6

the Magistrate Judge, the Court cannot say with certainty that plaintiff was "clearly entitled" to benefits. The Court agrees with the Magistrate Judge's recommendation that this case be remanded for further proceedings, i.e. for a "full and fair review."

To the extent that plaintiff suggests that "Hartford's failure to conduct an in-person medical examination is not the type of procedural failure that requires a remand" (doc. no. 23 at 2), this was just one part of the Magistrate Judge's thoughtful analysis of this fact-specific situation. Research reflects numerous cases with similar procedural postures. See, e.g., Helfman v. GE Group Life Assc. Co., 573 F.3d 383, 392–96 (6th Cir. 2009) (finding that denial of benefits based entirely on "file review" without an independent medical exam was arbitrary and capricious, but further finding that plaintiff was not "clearly entitled" to benefits); Hunter v. Life Ins. Co. of N. Am., 437 Fed.Appx. 372 (6th Cir. 2011) (same).

The Court agrees with the Magistrate Judge's recommendation that remand, rather than an immediate award of benefits, is proper here. See, e.g., Elliott, 437 F.3d at 623 ("a remand to the district court with instructions to remand to [the plan administrator] for a full and fair inquiry is the proper remedy here"); Helfman, 573 F.3d at 396 (holding that remand to ERISA plan administrator with instructions to provide a "full and fair review" was the appropriate remedy).

Defendant Hartford does not object to remand, but suggests that the issue of what is necessary to accomplish the "full and fair review" (and any expansion of the record) on remand should be left to the plan administrator to determine.

Defendant suggests that the Court "leave the decision as to the appropriate procedure to be followed, including whether to order IMEs [independent medical examinations], to Hartford in its role as the administrator" (doc. no. 24 at 2).

Defendant suggests that properly-conducted file reviews by qualified physicians may be still be an appropriate course of action. "[R]eliance on a file review does not, standing alone, require the conclusion that [a plan administrator] acted improperly." Judge, 710 F.3d at 663 (citing Calvert v. Firstar Finance, Inc., 409 F.3d 286, 296 (6th Cir. 2005) ("there is nothing inherently objectionable about a file review by a qualified physician in the context of a benefits determination"); Cultrona v. Nationwide Life Ins. Co.. 748 F.3d 698, 704 (6th Cir. 2014) ("a file-only review does not compel the conclusion that the Plan administrator acted improperly").

That said, the Magistrate Judge pointed out that the "failure to conduct a physical examination ... may, in some cases, raise questions about the thoroughness and accuracy of the benefits determination." Judge, 710 F.3d at 663. As the Sixth Circuit Court of Appeals recently observed, "file reviews are questionable as a basis for identifying whether an individual is disabled by mental illness." Javery v. Lucent Tech., Inc. LTD Disab. Plan, 741 F.3d 686, 701 (6th Cir. 2014) (citing Smith v. Bayer Corp. LTD Plan, 275 Fed.Appx. 495, 505–09 (6th Cir. 2008) ("[c]ourts discount the opinions of psychiatrists who have never seen the patient for obvious reasons"); see also, Smith v. Continental Cas. Co., 450 F.3d 253, 263 (6th Cir. 2006) (finding that where credibility determination was part of the

8

assessment of disability, reliance solely on a file review, without an independent examination, was inadequate). The Magistrate Judge appropriately cited such authority in her report (doc. no. 21 at 38, 43). She also correctly pointed out that reliance on a file review may be inappropriate where a reviewer has disputed the credibility of a claimant's complaints. Evans v. UnumProvident Corp., 434 F.3d 866, 878 (6th Cir. 2006) ("Where ... conclusions from [a file] review include critical credibility determinations regarding a claimant's medical history and symptomology, reliance on such a review may be inadequate.").

As a practical matter, Hartford points out that the relevant time period is 2011, as plaintiff's last day of work was May 8, 2011. Hartford suggests that an in-person evaluation in 2014 would have limited usefulness. The Sixth Circuit Court of Appeals has explained that evidence developed after the Elimination Period may still be relevant, but only to the extent that it sheds light on a claimant's condition during the Elimination Period. Hayden, 2014 WL 4056884 at *9 ("The primary benefit of such evidence" is that it may highlight the "accurateness of the earlier evaluations and opinions.") (citing Javery, 741 F.3d at 690 n. 1 "we only consider such evidence to the extent that it speaks to Plaintiff's condition during the relevant time period"). In this instance, the plan administrator may consider whether such evaluations are still relevant. See, e.g., Elliott, 437 F.3d at 623 (observing that on remand, the plaintiff and plan administrator "would be well advised to pursue appropriate medical data" relating his medical limitations to the demands of his occupation); Zenadocchio v. BAE Systems Unfunded Welfare Ben.

9

**Plan**, 936 F.Supp.2d 868, 887-88 (S.D.Ohio 2013) (citing **Hanusik v. Hartford Life Ins. Co.**, 2008 WL 283714, *6–7 (E.D.Mich.) ("Although we continue to believe that plans generally are not obligated to order additional medical tests, in cases such as this, plans can assist themselves, claimants, and the courts by helping to produce evidence sufficient to support reasoned, principled benefits determinations.").

**IV.   Oral Argument Not Warranted**

Local Rule 7.1(b)(2) provides that courts have discretion whether to grant requests for oral argument. The parties have extensively briefed the relevant issues. The Court finds that the pleadings and exhibits are clear on their face, and that oral argument is not warranted. **Yamaha Corp. of Am. v. Stonecipher's Baldwin Pianos & Organs**, 975 F.2d 300, 301-02 (6th Cir. 1992); **Schentur v. United States**, 4 F.3d 994, 1993 WL 330640 at *15 (6th Cir. (Ohio)) (observing that district courts may dispense with oral argument on motions for any number of sound judicial reasons).

Accordingly, the Court **OVERRULES** the plaintiff's Objections (doc. no. 23); **SUSTAINS** the defendant's objection (doc. no. 24); **ADOPTS** the R&R (with one modification); and **REVERSES** and **REMANDS** the administrative decision to the plan administrator for full and fair review.

IT IS SO ORDERED.

s/Herman J. Weber
Herman J. Weber, Senior Judge
United States District Court

10